# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LUIS FELIPE MANGUAL, SR.,** | * |
| Petitioner, | * |
| v. | * Civil Case No.: RWT-08-2657 |
| | * Criminal Case No.: RWT-04-235 |
| **UNITED STATES OF AMERICA,** | * |
| Respondent. | * |

## **MEMORANDUM OPINION**

In 2004, Petitioner Luis Felipe Mangual, Sr. was indicted in a large drug conspiracy case. On March 21, 2006, prior to trial, he entered into a written plea agreement in which he pleaded guilty to Count One of the Fifth Superseding Indictment: conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin in violation of 21 U.S.C. § 846. See Gov't Opp'n Ex. A, ECF No. 1263. On October 2, 2006, the Court imposed a sentence of 262 months of imprisonment. See Judgment, ECF No. 973. Four days later, Petitioner filed an appeal to the U.S. Court of Appeals for the Fourth Circuit. The Fourth Circuit dismissed his appeal on July 9, 2007.

On October 9, 2008, Petitioner filed a motion to vacate, correct or set aside his sentence. See Mot. To Vacate, ECF No. 1247. In the accompanying memorandum, he argues that he was denied effective assistance of counsel at his sentencing in violation of the Sixth Amendment to the U.S. Constitution because his counsel failed (1) to investigate a prior 1994 guilty plea and (2) to object to the drug amounts attributed to him at sentencing. See id. at 5–6. The Government filed an opposition on December 12, 2008, to which Petitioner did not reply.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Id. at 687. A defendant claiming ineffective assistance of counsel must show that counsel's representation fell below an objective standard of reasonableness, id. at 688, and that counsel's deficient performance prejudiced the defendant, id. at 694. In applying the first prong, courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id. at 690, and "[j]udicial scrutiny of counsel's performance must be highly deferential," id. at 689. In applying the second prong, a court must ask whether the defendant has shown that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If a defendant alleges ineffective assistance of counsel following entry of a guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quotation marks omitted).

Petitioner fails to meet his burden of demonstrating ineffective assistance of counsel. First, Petitioner's counsel reasonably declined to investigate the circumstances surrounding Petitioner's 1994 guilty plea because Petitioner's claim that his 1994 guilty plea was obtained by coercion was unavailing. Petitioner contended that his 1994 conviction was obtained as a result of an unknowing, unintelligent, and involuntary plea because he was "threatened with having his state case dismissed and being turned over to the federal government should he fail to plead guilty to state charges." See Mot. To Vacate 12–15. Such a statement by state prosecutors does not render a guilty plea involuntary or otherwise unconstitutional. See United v. Williams, 47 F.3d 658 (4th Cir. 1995) (holding that a state prosecutor, in the context of plea negotiations,

can threaten a criminal defendant with more severe federal prosecution if defendant refuses to plead guilty to state charges and to cooperate with police). Accordingly, Petitioner's counsel reasonably decided not to investigate the 1994 guilty plea, and Petitioner cannot show prejudice as a result of that decision.

Second, Petitioner was advised of the drug quantity attributable to him, and his counsel acted reasonably in not objecting to that amount at sentencing. In his plea agreement, Petitioner stipulated that "over 150 kilograms of cocaine and at least 20 kilograms of heroin were reasonably foreseeable to [him] and within the scope of his agreement and involvement." See Gov't Opp'n Ex. A. ¶ 6(a). Petitioner reaffirmed this stipulation at the hearing where he pleaded guilty. See id. Ex. B. 36. Consistent with his plea agreement, Petitioner was sentenced based upon involvement with 150 kilograms of cocaine and 20 kilograms of heroin. See Judgment; see also Mot. To Vacate 5 (admitting that his sentence was based on these quantities of drugs). Even though Count I of the Fifth Superseding Indictment charged Petitioner with involvement with 5 kilograms of cocaine and 1 kilogram of heroin, Petitioner signed a plea agreement clearly stating that his offense level would be based upon the increased drug amounts. According, counsel acted reasonably in not disputing the drug quantities attributable to Petitioner at sentencing.

Because Petitioner has failed to show that his counsel acted unreasonably in not investigating the prior guilty plea and not objecting to a sentence based on the drug amounts described in his plea agreement, his motion will be denied by a separate order.

Date: August 24, 2010

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

3